FILED

JUN 2 5 2007

DIST. COURT, WESTERN DIST. OF OKL
BY _____ DEPUTY

## THE UNITES STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Wade G. Hollis, | § | CASE NUMBER:  CIV – 07 – 131 - C |
| | § | |
| Plaintiff, | § | Assigned to the Honorable |
| | § | Dept. |
| - vs - | § | |
| | § | |
| STEPHEN BRUCE & ASSOCIATES, | § | |
| Stephen L. Bruce, | § | |
| John & Jane Does 1 - 10 | § | |
| | § | |
| Defendants | § | |
| | § | |

## FIRST AMENDED VERIFIED COMPLAINT FOR MONEY DAMAGES

## JURY TRIAL DEMAND

### I. PRELIMINARY STATEMENT AND INTRODUCTION

1.  This first amended petition is an action for statutory and actual relief brought by an individual consumer Wade G. Hollis ("Plaintiff") against STEPHEN BRUCE & ASSOCIATES, Stephen L. Bruce and John Does 1 – 10 ( collectively "Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. (the "FDCPA"); to obtain injunctive relief and for declaratory relief.  This petition is also an action for statutory and actual relief under the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. §§ 751 through 763 which are brought under the Court's pendent and supplemental jurisdiction.  Plaintiff brings this action against the above named Defendants both jointly and severally based on their willful violations of said Acts.

2.  The FDCPA originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986 and amended again in 1996.  In passing the FDCPA, Congress stated its purpose was "to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection practices." To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also by mandate, requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

3.   The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. The FDCPA also defines a "debt collector" to include any person who regularly collects a debt owed to another.

4.   The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which Plaintiff is alleged to owe is a "debt" within the meaning of the FDCPA.

5.   The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

6.   The obligation to pay the debt does not affect Defendants liability under the FDCPA. Whether or not the Plaintiff owes the debt alleged to be due to any creditor or alleged creditor is not a factor nor is it material in this proceeding.

Even if the Plaintiff does owe an obligation, Defendants must comply in all respects with the FDCPA. Therefore, the Plaintiff's action is not concerned with whether the Plaintiff is indebted to a creditor or alleged creditor, but whether Defendants violated the FDCPA, *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). "Fair Debt Collection Practices Act applied to lawyer regularly engaged in consumer debt-collection litigation on behalf of creditor client." Consumer Credit Protection Act, 803(6), as amended, 15 U.S.C.A. 1692(6), *Heintz v Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995).

## II. JURISDICTION/VENUE

7.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

8.   Venue is proper in this district as Defendants transact business here, and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## III. PARTIES

9.   The Plaintiff, Wade G. Hollis, is a natural person, and is at all times relevant hereto a resident and citizen of the State of Oklahoma. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under the OCPA.

10.  STEPHEN BRUCE & ASSOCIATES is a professional corporation duly registered under Oklahoma Secretary of State engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and

as a corporation defined within the scope of the OCPA , engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.  This Defendant may be served by serving the officer in charge and its statutory agent at its principal place of business located at  and c/o Stephen L. Bruce, 300 North Broadway, Edmond, Oklahoma 73034.

11. Stephen L. Bruce is a natural person and a debt collector, employed by Defendant STEPHEN BRUCE & ASSOCIATES whose principal purpose as a Defendant is the collection of debts using the mails and telephone, and this Defendant regularly attempts to collect debts alleged to be due another.  This Defendant is within the scope of the OCPA and may be served with service of process by serving Stephen L. Bruce at his principal place of business located at 300 North Broadway, Edmond, Oklahoma 73034.

12. Defendants John & Jane Does 1 - 10 are all natural persons, corporations, parties, or an enterprise employed by Defendants as debt collectors and are involved in the instant matter.  Said Defendants are currently unknown to Plaintiff.  Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## IV. CONDITIONS PRECEDENT

13. Plaintiff avers all conditions precedent have been performed or have occurred under Fed. R. Civ. Proc. 9(c) and FDCPA violations may now be asserted.

## V. STATEMENT OF FACTS

14. After months of frustrating unresolved telephone communications with an alleged creditor, on August 16, 2006, Plaintiff sent a timely billing error notice as that term is defined under 15 U.S.C. § 1666(a) requesting clarification and documentation of some unidentifiable transactions that affected material disclosures, finance charges, the penalty rate, and annual percentage rate on multiple periodic statements.

15. The notice was dated within sixty-days (60) of the previous monthly periodic statements, and Plaintiff's request sufficiently identified the cardholder's name, account number, demanded clarification and documentation to establish the identity of the charges and to further validate the misallocated, unlawful, and erroneous material finance charges.

16. After the creditors failure to lawfully respond, Plaintiff sent an additional dispute notice alleging errors on the periodic statements that were "computational or similar error of an accounting nature that is made by the creditor" pursuant to 15 U.S.C. § 1666(b)(4) and 12 CFR § 226.13(a)(4).

17. On or about September 28, 2006, Plaintiff received a dunning letter from Defendants claiming to have "been retained" by an alleged creditor, copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 1.

18. Subsequently, Defendants sent another correspondence to the Plaintiff dated October 11, 2006 unlawfully threatening: "we intend to file a lawsuit and obtain a judgment," copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 2.

19. Further, Defendants sent another correspondence to the Plaintiff dated

October 18, 2006 still unlawfully urging and persisting: "we intend to proceed with a lawsuit to obtain a judgment" copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 3.

20. On October 25, 2006, Plaintiff responded by certified mail return receipt requested, specifically to Defendants dunning letter with a dispute notice as that term is defined under the FDCPA, copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 4.

21. Defendants sent a purported validation on or about November 9, 2006, utilizing an erroneous and defective affidavit, copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 5.

22. The purported validation is defective on multiple aspects and Defendants were so advised by the Plaintiff with an additional dispute notice under the FDCPA, copy attached hereto and incorporated as if fully stated herein by reference as PLAINTIFF EXHIBIT 6.

23. Defendants subsequently filed a complaint in the name of an alleged creditor on or about November 22, 2006.

24. Defendants collection communication, PLAINTIFF EXHIBITS 2 and 3, are contradictory, overshadow Plaintiff's rights, and falsely communicate credit information, the legal status and character of an alleged debt which is known or should be known to be false, including failure to communicate that a disputed debt is disputed.

25. Defendants, now involved in a judicial proceeding, have willfully and materially failed to plead and communicate that they are attempting to collect a disputed debt for an alleged creditor client in violation of the

6

FDCPA.

26. The Fair Credit Billing Act and dispute resolution procedures impose liability that strictly prohibits reporting, directly or indirectly, a disputed amount as delinquent until the dispute is settled. Only after completion of billing error procedures may the disputed amount be reported as delinquent.

27. Defendants omissions and communications, as agents of an alleged creditor, failed to report credit information directly or indirectly that a disputed debt is disputed. Said failures by these Defendants collection gives is a false and misleading representation of the character, amount and legal status of any debt.

28. Defendants have a duty under the 15 U.S.C § 1692e and rules promulgated by the Federal Trade Commission governing commerce, to comply with these restrictions on reporting directly or indirectly any disputed amounts as disputed to all relevant parties.

29. Credit Reporting Agencies survey and pick up public information in lawsuits for purposes of reporting delinquent credit information and it accomplishes the same result directly and indirectly when Defendants fail to assert collection on disputed amounts giving a false and misleading representation of the character, amount and legal status of any debt.

30. In fact, the Defendants' alleged client is a third party collection entity of the original creditor without any nexus between the original creditor and Defendants.

31. Defendants knew or should have known that the original creditor failed to follow dispute resolution procedures under Reg. Z § 226.12 and § 226.13,

failed to provide competent evidence of a nexus, failed to produce a written

contract that authorizes collection costs, interest, or any expenses, all giving

rise to unfair, deceptive, false, and misleading representations.

32.    Defendants' intentional conduct, negligence, omissions, misrepresentations

and failure to abide by all foregoing Acts of Congress has cause substantial

emotional and mental damages as well as actual damage to the Plaintiff

proximately.

## VI.  FIRST CLAIM

33.    Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 -

32 above as if fully stated herein.

34.    Defendants attempted to collect a consumer debt allegedly owed by Plaintiff

and the obligation required Plaintiff to pay money arising out of transactions

for personal, family, and household purposes.

35.    The Defendants failed to communicate that a disputed debt is disputed after

multiple notices were sent to the alleged creditor and the Defendants,

disputing the alleged debt, a violation of 15 U.S.C. § 1692e(8).

36.    The Defendants used a false, deceptive and misleading representation to

collect an alleged debt which violates 15 U.S.C. § 1692e(10).

37.    The Defendants' alleged clients were obligated by federal statute to comply

with dispute resolution procedure first whereby Defendants violated 15

U.S.C. § 1692e(5) when they threatened and did take action in bad faith, that

cannot be legally taken.

38.    Defendants have attempted persistently to collect an alleged debt that gives a

false impression of the character, amount, and legal status contrary to 15

U.S.C. § 1692e(2)(A).

39. Defendants have failed to produce a contract or competent evidence that authorizes collection costs, attorney fees, including interest in violation of 15 U.S.C. § 1692f(1).

40. Defendants have filed suit to collect an alleged debt without legal authority and contrary to 15 U.S.C. § 1692f.

41. Defendants have litigated an alleged debt and engaged in conduct that is oppressive and where the natural conduct was to harass and abuse the Plaintiff's rights pursuant to 15 U.S.C. § 1692d.

42. The Defendants continuing collection and communication violated 15 U.S.C. § 1692g and §§ (b) creating confusion of Plaintiff's rights and by failing to fully provide requested verification of the debt.

43. The Defendants subsequent collection efforts violate 15 U.S.C. § 1692g(b) by failing to cease and desist collection until the alleged debt was competently verified.

44. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, knowingly, discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

45. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability.

## VII. SECOND CLAIM

## Violations Under The OCPA, 15 O.S. §§ 751 through 763

46. Plaintiff incorporates all the above foregoing paragraphs 1 through 45 as if fully stated herein by reference.

47. The OCPA provides that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

48. The instant matter is a consumer collection transaction and Defendants' business service is within the scope of the OCPA.  Defendants conduct and its transactional business generally and specifically, affect trade or commerce in this state.

49. Defendants are not exempt under the OCPA and nothing stated within the scope of the OCPA makes them exempt from liability.

50. The violations of the FDCPA described in the above paragraphs was done knowingly or the willful commission of an unfair or deceptive act or practice within the scope of the OCPA.

51. The conduct described in the above paragraphs causes injury, is unfair, deceptive, oppressive, substantively unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer credit protection practices and the OCPA.

52. Defendants performance has failed to abide by the Federal Trade Commission rules, and failed to abide by the FDCPA.  Said conduct and material violations are unethical, oppressive or unscrupulous and has in fact caused substantial injury to the Plaintiff.  Said conduct is unfair and deceptive within the meaning of the OCPA.

53. The violations of the OCPA described herein above cause or induce actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

54. Respondent is entitled to statutory and actual relief for said violations, and a reasonable attorney fee.

## VIII.  THIRD CLAIM

### Declaratory and Injunctive Relief

55. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1-54 above as if more fully stated herein.

56. There exists a dispute over whether Defendants have violated the FDCPA, and the OCPA that must be determined judicially.

57. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the OCPA, and Plaintiff is similarly entitled to an order enjoining said acts.

58. As a result of Defendants actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

59. Defendant's actions, omissions, and violations as alleged herein constituted the negligent, bad faith, and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation and will in the future continue to suffer the same.

## IX.  JURY TRIAL DEMAND

60. Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against

Defendants by this Court for the following:

1.  Enter injunctive and corresponding declaratory relief establishing the

    foregoing conduct of Defendants to be unlawful, enjoining Defendants from

    continuing to engage in said conduct, and granting such additional equitable

    relief as may be appropriate

2.  Award Plaintiff actual damages.

3.  Award Plaintiff punitive damages.

4.  Award Plaintiff state and federal statutory damages.

5.  Award Plaintiff compensatory damages for mental and emotional distress,

    humiliation and embarrassment to be determined at trial.

6.  Award Plaintiff reasonable attorney's fees.

7.  Award Plaintiff his costs for time lost at work and litigating this matter.

8.  Grant such other and further relief as it deems just and proper.

Dated:  June 25, 2007

                                        Respectfully submitted,

                                        _Wade G. Hollis_
                                        Wade G. Hollis
                                        2800 Berrywood Circle
                                        Edmond, Oklahoma 73034
                                        405-341-0704

## VERIFICATION

I, Wade G. Hollis hereby certify that the facts contained in the foregoing Complaint

are true and correct to the best of my knowledge, information and belief.

*Wade G. Hollis*

Wade G. Hollis
2800 Berrywood Circle
Edmond, Oklahoma 73034
405-341-0704

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above foregoing document has been filed with the clerk, U.S. District Court Western District of Oklahoma and served to:

STEPHEN BRUCE & ASSOCIATES
and Stephen L. Bruce
ATTN:  Richard Winblad
P.O. Box 808
Edmond, Oklahoma 73083-0808

interested parties in this action via the United States Postal Service, certified mail receipt on this the _25th_ Day of June, 2007.

*Wade G. Hollis*

Wade G. Hollis
2800 Berrywood Circle
Edmond, Oklahoma 73034
405-341-0704