IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WADE G. HOLLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-07-131-C |
| | ) | |
| STEPHEN BRUCE & ASSOCIATES, | ) | |
| STEPHEN L. BRUCE, | ) | |
| JOHN & JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

This case involves the alleged wrongful and abusive efforts by Defendants to collect a consumer debt from Plaintiff. Defendants are the named partner and a law firm (plus unknown agents) that represent Discover Bank in debt collection matters. The parties apparently had several communications in late 2006 regarding money allegedly due on Plaintiff's Discover Bank credit card, which were followed by the initiation of a collection action in state court. Plaintiff filed this suit in February 2007, asserting claims under the Fair Debt Collection Practices Act (the "FDCPA") and Oklahoma's Consumer Protection Act (the "OCPA"). Defendants filed a motion to dismiss but did not answer the complaint. (Dkt. No. 5.) Plaintiff then filed his First Amended Verified Complaint (Dkt. No. 8), rendering the motion moot. See Fed. R. Civ. P. 15(a). Defendants have since filed a second motion to dismiss challenging the amended complaint. (Dkt. No. 9.) It is that motion and Plaintiff's response that are presently before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for the dismissal of a claim "for failure to state a claim upon which relief can be granted" before filing an answer to the complaint. On such a motion, the Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed only if it is legally untenable or if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." See id. (citations and internal quotations omitted). Under the new plausibility standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

## THE COMPLAINT

Plaintiff alleges that "[a]fter months of frustrating unresolved telephone communications" with Discover Bank regarding the underlying alleged debt, he sent a timely billing error notice and dispute notice to the credit card company. He claims that instead of responding, Discover Bank presumably referred the matter to Defendants, who are in the business of collecting debts. Plaintiff alleges that Defendants knew or should have known that Discover Bank failed to follow appropriate dispute resolution procedures before turning the account over for collection.

Plaintiff received letters from the Defendant firm beginning in late September 2006, regarding the credit card account balance. The letters urged Plaintiff to contact the firm's office and stated an intention to file a lawsuit and obtain judgment if Plaintiff continued to ignore collection efforts.

Plaintiff responded to Defendants in a letter dated October 25. In that letter, he stated that the underlying debt was disputed and requested validation of the debt and supporting documentation. In response, Defendants provided Plaintiff with an affidavit from a Discover Legal Placement Account Manager who testified that he had personal knowledge regarding the account balance and that $5,530.60 was due and owing. Plaintiff complained in a second letter that the affidavit was defective. Defendants filed suit in state court on November 22, 2006.

Plaintiff claims that: (1) "Defendants['] collection communication[s] . . . are contradictory, overshadow Plaintiff's rights, and falsely communicate credit information, the legal status and character of an alleged debt which is known or should be known to be false, including failure to communicate that a disputed debt is disputed" (Amend. Compl. ¶ 24); (2) Defendants intentionally omitted from their state court petition that the debt is disputed; and (3) Defendants failed to properly verify the debt claimed or provide sufficient proof of their authority and ability to collect the underlying debt. Plaintiff asserts these federal claims under the FDCPA, 15 U.S.C. § 1692e, subsections (2), (5), (8), and (10), § 1692f, § 1692d, and § 1692g. He also claims that these violations of the FDCPA are also violative of the OCPA, 15 Okla. Stat. § 752, et seq.

## DISCUSSION

Although Plaintiff alleges numerous violations of the FDCPA, only those based on the failure to note that the debt was disputed in the collection petition filed in state court survive review under Rule 12(b)(6).

The collection letters sent by Defendants cannot support a plausible claim for relief. Plaintiff quotes from three letters he received and attaches them to the amended complaint. The letters ask Plaintiff to contact Defendants' office and clearly state that Defendants intended to file suit and obtain judgment if the debt was not paid or the matter otherwise resolved.[1]  The letters themselves contain no falsehood or deception apart from Plaintiff's contention that the debt is not owed and subsequent verification was inadequate.  Therefore, without more, they cannot be the basis for claims that Defendants used false, deceptive, and misleading representations to collect a debt in violation of § 1692e(10).  Further, the threat to file suit, an authorized method of collecting a debt, is not generally a threat "to take any action that cannot legally be taken" in violation of § 1692e(5).

Even with Plaintiff's allegations regarding Defendants' verification, the amended complaint does not state a plausible claim for relief.  Defendants were not obligated to produce all of the information or documentation requested by Plaintiff.  See 15 U.S.C. § 1692g; McCammon v. Bibler, Newman & Reynolds, P.A., ___ F.3d ___, No. 06-2242-

---

[1] Because Plaintiff incorporates and attaches the letters, the Court may consider them on a motion to dismiss without converting the motion into one for summary judgment. See GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and th[e] rationale for conversion to summary judgment dissipates.").

JWL, 2007 WL 2713368, at *3 (D. Kan. Sept. 18, 2007) (noting lack of authority that debt collectors are obligated to conduct an independent investigation regarding a consumer's "concerns").  A debt collector satisfies the FDCPA's verification requirement when it confirms in writing the amount being demanded is the amount that the creditor claims it is owed.  See id. (listing persuasive authority).  Plaintiff's allegations and attachments are that Defendants did precisely that.

To the extent that Plaintiff premises his claims on Defendants' use of an allegedly defective affidavit from the account manager, his allegations still do not amount to an actionable claim.  Generally, an attorney who attempts to collect a debt and files a collection lawsuit supported by the client's affidavit of a debt owed does not violate the FDCPA.  See Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330, 333 (6th Cir. 2006) (holding that the filing of a debt-collection lawsuit without the immediate means of proving the debt does not violate the FDCPA).  A claim may exist if the attorney knew or had reason to know that the statements in the affidavit "were false and inaccurate because the person who executed the affidavit lacked personal knowledge of the facts asserted" and the attorney had not examined any of the supporting documents.  Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007) (recognizing an actionable theory of recovery on this limited basis).

In this instance, the amended complaint does not contain the additional allegations that were decisive in Williams.  Plaintiff simply asserts that the affiant lacked personal

knowledge and failed to attach supporting documents to his affidavit.[2] There is no allegation that Defendants knew or should have known that the account manager lacked personal knowledge of the information contained in the affidavit or that Defendants were engaged in a pattern and practice of filing collection lawsuits without reviewing documents or taking steps to insure the truth and accuracy of the affidavits filed. In the absence of such allegations, the Court holds that Plaintiff has not stated a claim for relief based on either the verification provided or the initiation of litigation.

In addition to the foregoing, Plaintiff's allegation that Defendants have not produced proof of their authority to collect the claimed debt is not actionable. They were not obligated to produce such proof in the verification process and, therefore, did not violate § 1692f's proscription against "unfair or unconscionable means to collect or attempt to collect any debt" when responding to Plaintiff's validation request. Because the allegations do not suggest that the debt verification was incomplete, Defendants were not statutorily required to cease collection activities. See 15 U.S.C. § 1692g(2).

However, Defendants' failure to identify the debt as "disputed" in the state court petition may have violated the obligation imposed by § 1692e. Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." Conduct specifically identified in two section

---

[2] The bases for Plaintiff's allegation that the affidavit was "erroneous and defective" (Amend. Compl. ¶ 21) were taken from Plaintiff's November 27, 2006, correspondence (Amend. Compl. Ex. 6), which is attached to the amended complaint and incorporated by reference.

1692e subsections arguably cover the omission alleged here.  Subsection (2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).  Subsection (8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  "Communication" is defined broadly to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).

> Plaintiff alleges that the omission was willful and that:
>
> Credit Reporting Agencies survey and pick up public information in lawsuits for purposes of reporting delinquent credit information and it accomplishes the same result directly and indirectly when Defendants fail to assert collection on disputed amounts giving a false and misleading representation of the character, amount and legal status of any debt.

(Amend. Compl. ¶ 29.)

The Court has been unable to locate any authority directly addressing the issue of whether a debt collector's omission that the debt is disputed in a collection petition is actionable under the FDCPA other than the unpublished opinion cited by Defendants, Gough v. Bernhardt & Strawser, PA, No. 1:05CV00398, 2006 WL 1875327 (M.D.N.C. June 30, 2006).  Although the Gough court concluded that it was not, the Court is not persuaded. Plaintiff's allegations reasonably suggest that Defendants publicly mischaracterized the legal status of a debt by omitting that it was disputed.  And if Plaintiff proves that credit reporting agencies do monitor collection lawsuits for credit history and delinquent account

information, then that omission indirectly communicated potentially misleading credit information. Accordingly, Plaintiff's claims based on the collection petition remain, including those that might emanate from § 1692d regarding harassment or abuse and § 1692f related to unfair or unconscionable means to collect a debt.

Finally, Plaintiff contends that Defendants' collection efforts violated the OCPA. The OCPA prohibits the use of certain false and misleading practices in "consumer transactions." 15 Okla. Stat. §§ 752, 753. As defined, a consumer transaction means "advertising, [or] offering for sale or purchase, [or] sale, [or] purchase, or distribution of any services or any property . . . for purposes that are personal, household, or business oriented." Id. § 752(2). The Court agrees with other judges in this district that the statute does not apply to the debt collection activities by persons or entities uninvolved in the underlying consumer transaction. See, e.g., State ex rel Bd. of Regents of the Univ. of Okla. v. Greer, 205 F. Supp. 2d 1273, 1274 (W.D. Okla. 2001) (identifying unpublished orders on the issue). Because the conduct complained of here occurred during the collection of a debt owed to another and not as part of a consumer transaction, the OCPA does not apply. Therefore, Plaintiff's OCPA claims are dismissed.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. No. 5) is DENIED as moot. Defendants' Motion to Dismiss First Amended Complaint (Dkt. No. 9) is GRANTED in part and DENIED in part. Only Plaintiff's FDCPA claims based on the state court collection petition remain. All other FDCPA claims are dismissed without

prejudice.  The OCPA claims are dismissed with prejudice.  The claims under the Oklahoma Deceptive Trade Practices Act and the Fair Credit Reporting Act that were asserted in the original complaint are deemed abandoned.

    IT IS SO ORDERED this 5th day of December, 2007.

ROBIN J. CAUTHRON
United States District Judge