IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE G. HOLLIS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-131-C |
| | ) |
| STEPHEN BRUCE & ASSOCIATES, | ) |
| a domestic corporation, and | ) |
| STEPHEN BRUCE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed an amended complaint alleging that Defendants violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by failing to indicate that a debt was disputed when filing a lawsuit in Oklahoma County District Court.[1] (See Dkt. No. 8.)  Defendants filed a motion for summary judgment (Dkt. No. 28).  Plaintiff filed a response (Dkt. No. 40), to which Defendants subsequently filed a reply. (Dkt. No. 41.)  For the reasons set forth below, Defendants' motion for summary judgment is granted.

**STANDARD OF REVIEW**

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the

---

[1] Plaintiff's complaint contained other allegations regarding the FDCPA along with allegations concerning the Oklahoma Consumer Protection Act, 15 Okla. Stat. §§ 751 *et seq.*, but these were all dismissed by the Court's Order of December 5, 2007.

outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, ___ U.S. ___, ___, 127 S.Ct. 1769, 1774 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Const. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

**BACKGROUND**

Plaintiff disputed information contained in multiple periodic statements sent to him by Discover Bank. Plaintiff tried to resolve the problems by telephone for several months, without any success. Plaintiff then sent a timely billing error notice and dispute notice indicating to Discover Bank that he disputed the debt. On September 28, 2006, Plaintiff received a "dunning letter" from Defendants.[2] Plaintiff responded by sending a dispute notice to Defendants, requesting validation of the alleged debt. Defendants then sent this validation, which Plaintiff claims was defective in multiple ways. Defendants ultimately filed a collection action in Oklahoma County District Court on November 22, 2006. The state court petition filed by Defendants omitted any mention that the debt was disputed by Plaintiff. The litigation progressed, with the court ultimately granting summary judgment in favor of Defendants on August 2, 2007.

Plaintiff filed this lawsuit in February 2007, arguing that Defendants violated both the FDCPA and the Oklahoma Consumer Protection Act, 15 Okla. Stat. § 751 *et seq.* Defendants filed a motion to dismiss, which was granted in part by this Court on December 5, 2007. The only surviving claim[3] was Plaintiff's assertion that Defendants' failure to

---

[2] Defendants are the named partner and a law firm that represent Discover Bank in its debt collection proceedings.

[3] The Court's order stated that "Plaintiff's claims based on the collection petition remain, including those that might emanate from § 1692d regarding harassment or abuse and § 1692f related to unfair or unconscionable means to collect a debt." (Dkt. No. 11.) Plaintiff's amended complaint indicates that any claims he might have relating to these two provisions stemmed from the state collection action filed by Defendants. Because that litigation was resolved in favor of Defendants, and because neither party has addressed those provisions in its filings before the Court, such claims

indicate that the debt was disputed in its state court petition violated § 1692e of the FDCPA. According to Plaintiff, credit reporting agencies monitor collection lawsuits to gather credit information and delinquent account information, which is then included in credit reports. Defendants argue that Plaintiff failed to sufficiently support this claim.

## **ANALYSIS**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then sets forth a list of specific conduct that is not permitted. Under § 1692e(8), debt collectors are prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The essence of Plaintiff's claim is that this provision required Defendants to indicate in the state court petition that the debt was disputed.

However, Plaintiff has not met his burden of coming forward with admissible evidence to establish a genuine issue of material fact. In support of his response to Defendants' motion for summary judgment, Plaintiff attached two pages from his credit report provided by Experian. (See Dkt. No. 40 Ex. B & C.) Both of these documents indicate that the civil judgment rendered in state court is listed on Plaintiff's credit report.

---

are also dismissed.

However, these documents are dated August 24, 2008, which is after the discovery deadline of August 1, 2008, set by this court.

As part of a party's initial disclosures, Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires disclosure of "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires a party to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Rule 37(c) sets forth sanctions for failing to make initial disclosures. It provides that, if a party fails to provide information required under Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The credit reports filed by Plaintiff should have been provided to Defendants as part of Plaintiff's initial disclosures, and if they were not obtained until after such disclosures were made, Plaintiff should have supplemented his disclosures with the new information. It is clear from the record that these documents were not provided to Defendants as initial disclosures, nor were they provided before the close of discovery since they are clearly dated after August 1, 2008. The Court does not find that this failure was substantially justified because of the relative ease of obtaining a credit report.[4] Nor does the Court find that this

---

[4] It appears that Plaintiff was able to print this copy of his credit report online at http://annualcreditreport.experian.com. There is no explanation by Plaintiff as to why this information was not provided prior to the close of discovery, so the Court finds no substantial justification for this failure.

failure was harmless, since this information is central to Plaintiff's claims. Because Plaintiff did not abide by the requirements of Rule 26(a), the Court finds that the credit reports may not be used to support Plaintiff's response to Defendants' motion for summary judgment.

Absent the credit reports, Plaintiff has provided no other evidence to demonstrate a genuine issue of material fact. As Rule 56(e)(2) states, "an opposing party may not rely merely on allegations or denials in its own pleading" when responding to a motion for summary judgment, but must instead introduce evidence by affidavit or otherwise indicating that there is a genuine issue of material fact. Plaintiff bears the burden of proof at trial on his claim under the FDCPA, and he has failed to sufficiently establish the elements of his claim.

Accordingly, Defendants' motion for summary judgment (Dkt. No. 28) is GRANTED. Plaintiff's remaining claims are dismissed.

IT IS SO ORDERED this 8th day of October, 2008.

ROBIN J. CAUTHRON
United States District Judge